UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.

|  |  |
|---|---|
| CLARENCE GOODLOW JR. )<br>*Plaintiff* )<br> )<br>v. )<br> )<br>CITY OF LYNN, )<br>and MICHAEL J. CHALMERS, )<br>and SEAN COPPINGER, and, )<br>EDWARD BARRASSO, and, )<br>MICHAEL STOICO, and, )<br>KEVIN GENA )<br>*Defendants* )<br> ) | **COMPLAINT AND JURY DEMAND** |

INTRODUCTORY STATEMENT

This case arises out of an unlawful arrest and use of undue force on April 6, 2021 in Lynn, Massachusetts. On that day, the Plaintiff suffered physical and mental harm and losses when he was unduly tased, falsely arrested, imprisoned, and his civil rights were violated by Officers Michael J. Chalmers, Sean Coppinger, Michael Stoicco, Kevin Gena, and Edward Barrasso, all police officers with the City of Lynn, Massachusetts.

JURISDICTION

Jurisdiction is appropriate in this Court pursuant to 28 U.S.C. §1331 as the Plaintiff alleges violations of his civil rights by the Defendants.

PARTIES

1. The Plaintiff, Clarence Goodlow Jr., is an individual who resides in Saugas, Essex County, Massachusetts.

2. The Defendant, the City of Lynn, is and was at all pertinent times, a municipal corporation chartered by the Commonwealth of Massachusetts, with a usual place of business in Lynn, Essex County, Massachusetts.

3. The Defendant, Michael J. Chalmers, is a police officer, who was, at all relevant times, employed by the City of Lynn.

4. The Defendant, Sean Coppinger, is a police officer, who was, at all relevant times, employed by the City of Lynn.

5. The Defendant, Edward Barasso, is a police officer, who was, at all relevant times, employed by the City of Lynn.

6. The Defendant, Michael Stoico, is a police officer, who was, at all relevant times, employed by the City of Lynn.

7. The Defendant, Kevin Gena, is a police officer, who was, at all relevant times, employed by the City of Lynn.

<u>FACTS COMMON TO ALL COUNTS</u>

8. On April 06, 2021 approximately 6.19PM, the Plaintiff, Clarence Goodlow Jr., (hereinafter "Mr. Goodlow") was driving in the City of Lynn, going to visit his family on Newhall Street, Lynn. There were three passengers in the Plaintiff's car.

9. At approximately that time, when the Plaintiff was looking for a place to park his car, he noticed the lights of the police cruiser behind him and pulled his car over at 91 Newhall Street, Lynn.

10. Defendants, Officer Edward Barrasso (hereinafter "Officer Barrasso") and Michael J. Chalmers (hereinafter "Officer Chalmers"), approached the Plaintiff's car, and Officer Barrasso asked the Plaintiff to get out of the car and stand at the back of the car.

11. Officer Chalmers starts speaking with Mr. Richard Stinger who is in the rear passenger seat. Meanwhile, the people on the sidewalk start congregating and recording the interaction between the Plaintiff and the Defendants.

12. Officer Chalmers and Officer Sean Coppinger (hereinafter "Officer Coppinger") physically removed Mr. Stinger from the vehicle and arrested and charged him for assault with a dangerous weapon, resisting arrest and interfering with a police officer (after Mr. Stinger spent 6 months in jail, the Commonwealth filed a Nolle Prosequi on October 26, 2021).

13. While Officers were placing Mr. Stinger into the police cruiser, Officer Kevin Gena (hereinafter "Officer Gena") and Officer Michael Stoicco (hereinafter "Officer Stoicco"), moved the Plaintiff, Mr. Goodlow across the street, away from the onlookers.

14. At this time, at least three Officers, including Officer Gena and Officer Stoicco, placed Mr. Goodlow's hands behind his back and bent him over, face-first, on the hood of a motor vehicle.

15. Then, the Officers holding Mr. Goodlow down, deployed a taser to Mr. Goodlow's back at least twice and then directed him to a police vehicle.

16. The Plaintiff, Mr. Goodlow was then taken to the police station where he was held on a bail he could not post.

17. The following morning on April 07, 2021, he was taken to court for the arraignment where a criminal prosecution for assault and battery on a police officer, resisting arrest, interfering with a police officer was commenced. His bail was set to $2,000.

18. He stayed in jail until April 8, 2022, until he could finally post bail.

19. Two incident reports (#21021374, #21021374/2) detailing the police's recollection of events of April 6, 2021 were written up by Defendants, Officer Chalmers and Officer Coppinger and the report by Officer Chalmers was reviewed by Sergeant Michael Kelter.

20. Officer Chalmers and 6 other officers were placed on administrative leave the following week, after the Essex County District Attorney's Office found that Officer Chalmers had engaged in criminal behavior.

21. It was also alleged by the city that the officers engaged in racist communications.

22. As a result of the actions of Officers Chalmers, Coppinger, Gena, Stoicco, and Barrasso, Mr. Goodlow suffered physical and emotional harm.

<u>COUNT ONE</u>
<u>Negligence v. City of Lynn</u>

23. The Plaintiff repeats and alleges paragraphs 1 through 22 as it fully stated herein.

24. Officer Barrasso owed a duty to use reasonable care in his interactions with the Plaintiff including but not limited, a duty to:
    a. Conduct a reasonable investigation prior to executing a motor vehicle stop;
    b. Conduct a reasonable investigation prior to placing the Plaintiff in custody;
    c. Conduct a reasonable investigation prior to physically contacting the Plaintiff;
    d. Use due care in the use of any and all force.

25. Officer Barrasso breached said duty by, among other things:
    a. Failing to conduct a reasonable investigation prior to executing a motor vehicle stop;
    b. Failing to conduct a reasonable investigation prior to placing the Plaintiff in custody;

    c.  Failing to conduct a reasonable investigation prior to physically contacting the Plaintiff;

    d.  Failing to use due care in the use of any and all force.

26. As a direct and proximate result of Officer Barrasso's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

27. At all relevant times, Officer Barrasso was acting within the scope and course of his duties as a police officer employed by the Defendant, City, and was acting as a "public employee" within the meaning of M.G.L.c.258.

28. The City is responsible, as a public employer, for the negligence of its public employee, Officer Barrasso.

29. The Plaintiff presented his claims to the City as required by M.G.L.c. 258 by sending a letter dated March 1, 2022 to Jared C. Nicholson, Mayor and Janet L. Rowe, City Clerk. *See Exhibit A.*

30. The facts of said Presentment Letter are incorporated into the instant Complaint.

31. The Plaintiff has compiled with all conditions precedent to bringing his claim against the City under M.G.L.c. 258.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

<u>COUNT TWO</u>
<u>Negligence v. City of Lynn</u>

32. The Plaintiff repeats and alleges paragraphs 1 through 31 as it fully stated herein.

33. Officer Chalmers owed a duty to use reasonable care in his interactions with the Plaintiff including but not limited, a duty to:
    a.  Conduct a reasonable investigation prior to executing a motor vehicle stop;
    b.  Conduct a reasonable investigation prior to placing the Plaintiff in custody;
    c.  Conduct a reasonable investigation prior to physically contacting the Plaintiff;
    d.  Use due care in the use of any and all force.

34. Officer Chalmers breached said duty by, among other things:
    a.  Failing to conduct a reasonable investigation prior to executing a motor vehicle stop;

    b.  Failing to conduct a reasonable investigation prior to placing the Plaintiff in custody;

    c.  Failing to conduct a reasonable investigation prior to physically contacting the Plaintiff;

    d.  Failing to use due care in the use of any and all force.

35. As a direct and proximate result of Officer Chalmer's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

36. At all relevant times, Officer Chalmers was acting within the scope and course of his duties as a police officer employed by the Defendant, City, and was acting as a "public employee" within the meaning of M.G.L.c.258.

37. The City is responsible, as a public employer, for the negligence of its public employee, Officer Chalmers.

38. The Plaintiff presented his claims to the City as required by M.G.L.c. 258 by sending a letter dated March 1, 2022 to Jared C. Nicholson, Mayor and Janet L. Rowe, City Clerk. *See Exhibit A.*

39. The facts of said Presentment Letter are incorporated into the instant Complaint.

40. The Plaintiff has compiled with all conditions precedent to bringing his claim against the City under M.G.L.c. 258.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

COUNT THREE
Negligence v. City of Lynn

41. The Plaintiff repeats and alleges paragraphs 1 through 40 as it fully stated herein.

42. Officer Gena owed a duty to use reasonable care in his interactions with the Plaintiff including but not limited, a duty to:

    a.  Conduct a reasonable investigation prior to physically contacting the Plaintiff;

    b.  Conduct a reasonable investigation prior to placing the Plaintiff in custody;

    c.  Determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;

    d.  Treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job; and

    e.  Conduct a reasonable investigation prior to arresting the Plaintiff; and

      f.   Use due care in the use of any and all force.

43. Officer Gena breached said duty by, among other things:
    a.   Failing to conduct a reasonable investigation prior to physically contacting the Plaintiff;
    b.   Failing to conduct a reasonable investigation prior to placing the Plaintiff in custody;
    c.   Failing to determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;
    d.   Failing to treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job; and
    e.   Failing to conduct a reasonable investigation prior to arresting the Plaintiff; and
    f.   Failing to use due care in the use of any and all force.

44. As a direct and proximate result of Officer Gena's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

45. At all relevant times, Officer Gena was acting within the scope and course of his duties as a police officer employed by the Defendant, City, and was acting as a "public employee" within the meaning of M.G.L.c.258.

46. The City is responsible, as a public employer, for the negligence of its public employee, Officer Gena.

47. The Plaintiff presented his claims to the City as required by M.G.L.c. 258 by sending a letter dated March 1, 2022 to Jared C. Nicholson, Mayor and Janet L. Rowe, City Clerk. *See Exhibit A.*

48. The facts of said Presentment Letter are incorporated into the instant Complaint.

49. The Plaintiff has compiled with all conditions precedent to bringing his claim against the City under M.G.L.c. 258.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

<u>COUNT FOUR</u>
<u>Negligence v. City of Lynn</u>

50. The Plaintiff repeats and alleges paragraphs 1 through 49 as it fully stated herein.

51. Officer Stoicco owed a duty to use reasonable care in his interactions with the Plaintiff including but not limited, a duty to:
    a. Conduct a reasonable investigation prior to physically contacting the Plaintiff;
    b. Conduct a reasonable investigation prior to placing the Plaintiff in custody;
    c. Determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;
    d. Treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job; and
    e. Conduct a reasonable investigation prior to arresting the Plaintiff; and
    f. Use due care in the use of any and all force.

52. Officer Stoicco breached said duty by, among other things:
    a. Failing to conduct a reasonable investigation prior to physically contacting the Plaintiff;
    b. Failing to conduct a reasonable investigation prior to placing the Plaintiff in custody;
    c. Failing to determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;
    d. Failing to treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job;
    e. Failing to conduct a reasonable investigation prior to arresting the Plaintiff; and
    f. Failing to use due care in the use of any and all force.

53. As a direct and proximate result of Officer Stoicco's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

54. At all relevant times, Officer Stoicco was acting within the scope and course of his duties as a police officer employed by the Defendant, City, and was acting as a "public employee" within the meaning of M.G.L.c.258.

55. The City is responsible, as a public employer, for the negligence of its public employee, Officer Stoicco.

56. The Plaintiff presented his claims to the City as required by M.G.L.c. 258 by sending a letter dated March 1, 2022 to Jared C. Nicholson, Mayor and Janet L. Rowe, City Clerk. *See Exhibit A.*

57. The facts of said Presentment Letter are incorporated into the instant Complaint.

58. The Plaintiff has complied with all conditions precedent to bringing his claim against the City under M.G.L.c. 258.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

COUNT FIVE<br>
Negligence v. City of Lynn

59. The Plaintiff repeats and alleges paragraphs 1 through 58 as it fully stated herein.

60. Officer Coppinger owed a duty to use reasonable care in his interactions with the Plaintiff including but not limited, a duty to:
    a. Conduct a reasonable investigation prior to physically contacting the Plaintiff;
    b. Determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;
    c. Treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job;
    d. Conduct a reasonable investigation prior to arresting the Plaintiff; and
    e. Use due care in the use of any and all force.

61. Officer Coppinger breached said duty by, among other things:
    a. Failing to conduct a reasonable investigation prior to physically contacting the Plaintiff;
    b. Failing to determine whether Plaintiff was resisting arrest or posed a threat to the safety of his own person, any officer or onlookers before using a taser on the Plaintiff;
    c. Failing to treat the Plaintiff in his custody humanely and to use the minimal amount of force necessary to complete his job;
    d. Failing to conduct a reasonable investigation prior to arresting the Plaintiff; and
    e. Failing to use due care in the use of any and all force.

62. As a direct and proximate result of Officer Coppinger's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

63. At all relevant times, Officer Coppinger was acting within the scope and course of his duties as a police officer employed by the Defendant, City, and was acting as a "public employee" within the meaning of M.G.L.c.258.

64. The City is responsible, as a public employer, for the negligence of its public employee, Officer Coppinger.

65. The Plaintiff presented his claims to the City as required by M.G.L.c. 258 by sending a letter dated March 1, 2022 to Jared C. Nicholson, Mayor and Janet L. Rowe, City Clerk. *See Exhibit A.*

66. The facts of said Presentment Letter are incorporated into the instant Complaint.

67. The Plaintiff has compiled with all conditions precedent to bringing his claim against the City under M.G.L.c. 258.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

<u>COUNT SIX</u>
<u>Negligence v. City of Lynn</u>

68. The Plaintiff repeats and realleges paragraphs 1 through 67 above as if fully stated herein.

69. The City owed a duty to its residents, and to those with whom their police officer employees could be anticipated to come into contact with, to properly train and educate its police officers in dealing with members of the public with minimal force unless deadly force is reasonably anticipated.

70. The City breached its duty by failing to train and educate Officers Barrasso, Chalmers, Gena, Stoicco, Coppinger in a reasonable manner.

71. The City breached its duty by allowing the Officers Barrasso, Chalmers, Gena, Stoicco, Coppinger to continue working being put on notice of their previous illegal and negligent behavior and failing to properly take discipline, supervise or re-train them.

72. As a direct and proximate result of the City's negligent failure to train and educate Officers Barrasso, Chalmers, Gena, Stoicco, Coppinger the Plaintiff was treated as if he was a violent criminal who posed a threat to the Officers and the nearby public as opposed to a law-abiding citizen.

73. On information and belief, the City was aware that Officers Chalmers, Gena, Stoicco, Coppinger and Barrasso were unfit, due to their temperament and demonstrated bad behavior to act as police officer.

74. Despite its knowledge of the officers' unfitness for duty, the City, failed to properly supervise, retrain or discipline Officers Chalmers, Gena, Stoicco, Coppinger, and Barrasso, even though previous reports of these Officers using undue force during arrests had been received by the City, and the City was put on notice of these Officers' illegal and improper conduct.

75. As a direct and proximate result of the City's negligence, the Plaintiff was caused to suffer physical and emotional harm and losses.

WHEREFORE, the Plaintiff demands judgment enter against the City, jointly and severally with all Defendants herein, in an amount to be determined by a jury, plus costs and interest as allowed by law.

## COUNT SEVEN
### Federal Civil Rights v. Michael J. Chalmers

76. The Plaintiff repeats and realleges paragraphs 1 through 74 above as if fully stated herein.

77. Officer Chalmers used excessive force in his dealings with the Plaintiff.

78. Officer Chalmers  arrested the Plaintiff without probable cause.

79. Officer Chalmers participated in and instigated the prosecution of the Plaintiff without probable cause.

80. The actions of Officer Chalmers violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

81. As a direct and proximate result of Officer Chalmers's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Chalmers, jointly and severally with all other Defendants herein, to include:

      a.  Compensatory damages;
      b.  Punitive damages;
      c.  Costs of this action;
      d.  Reasonable attorney's fees; and
      e.  Such other and further relief as this Court may deem appropriate.

## COUNT EIGHT
### Federal Civil Rights v. Edward Barrasso

82. The Plaintiff repeats and realleges paragraphs 1 through 80 above as if fully stated herein.

83. Officer Barrasso executed the motor vehicle stop and arrested the Plaintiff without probable cause.

84. Officer Barrasso participated in and instigated the prosecution of the Plaintiff without probable cause.

85. The actions of Officer Barrasso violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States

Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

86. As a direct and proximate result of Officer Barrasso's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Barrasso, jointly and severally with all other Defendants herein, to include:

      a.  Compensatory damages;
      b.  Punitive damages;
      c.  Costs of this action;
      d.  Reasonable attorney's fees; and
      e.  Such other and further relief as this Court may deem appropriate.

## COUNT NINE
### Federal Civil Rights v. Sean Coppinger

87. The Plaintiff repeats and realleges paragraphs 1 through 85 above as if fully stated herein.

88. Officer Coppinger used excessive force in his dealings with the Plaintiff.

89. Officer Coppinger arrested the Plaintiff without probable cause.

90. Officer Coppinger participated in and instigated the prosecution of the Plaintiff without probable cause.

91. The actions of Officer Coppinger violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

92. As a direct and proximate result of Officer Coppinger's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger, jointly and severally with all other Defendants herein, to include:

      a.  Compensatory damages;
      b.  Punitive damages;
      c.  Costs of this action;
      d.  Reasonable attorney's fees; and
      e.  Such other and further relief as this Court may deem appropriate.

COUNT TEN
Federal Civil Rights v. Kevin Gena

93.   The Plaintiff repeats and realleges paragraphs 1 through 91 above as if fully stated herein.

94.   Officer Gena used excessive force in his dealings with the Plaintiff.

95.   Officer Gena arrested the Plaintiff without probable cause.

96.   Officer Gena participated in and instigated the prosecution of the Plaintiff without probable cause.

97.   The actions of Officer Gena violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

98.   As a direct and proximate result of Officer Gena's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Gena, jointly and severally with all other Defendants herein, to include:

     a.   Compensatory damages;
     b.   Punitive damages;
     c.   Costs of this action;
     d.   Reasonable attorney's fees; and
     e.   Such other and further relief as this Court may deem appropriate.

COUNT ELEVEN
Federal Civil Rights v. Michael Stoico

99.   The Plaintiff repeats and realleges paragraphs 1 through 97 above as if fully stated herein.

100.   Officer Stoicco used excessive force in his dealings with the Plaintiff.

101.   Officer Stoicco arrested the Plaintiff without probable cause.

102.   Officer Stoicco participated in and instigated the prosecution of the Plaintiff without probable cause.

103.   The actions of Officer Stoicco violated the Plaintiff's clearly established and well settled rights, protected by the Fourth and Fourteenth Amendments to the United States

Constitution, to be free from arrest and prosecution without probable cause and to be free from a deprivation of his liberty without due process of law.

104. As a direct and proximate result of Officer Stoicco's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Stoicco, jointly and severally with all other Defendants herein, to include:

    a. Compensatory damages;
    b. Punitive damages;
    c. Costs of this action;
    d. Reasonable attorney's fees; and
    e. Such other and further relief as this Court may deem appropriate.

COUNT TWELVE
State Civil Rights v. Michael J. Chalmers

105. The Plaintiff repeats and realleges paragraphs 1 through 103 above as if fully stated herein.

106. Officer Chalmers used excessive force in his dealings with the Plaintiff.

107. Officer Chalmers arrested the Plaintiff without probable cause.

108. Officer Chalmers participated in and instigated the prosecution of the Plaintiff without probable cause.

109. Officer Chalmers, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

110. As a direct and proximate result of Officer Chalmers' violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Chalmers jointly and severally with all other defendants herein, to include:

    a. Compensatory damages;
    b. Punitive damages;
    c. Costs of this action;
    d. Reasonable attorney's fees; and

e.   Such other and further relief as this Court may deem appropriate.

## COUNT THIRTEEN
### State Civil Rights v. Edward Barrasso

111.   The Plaintiff repeats and realleges paragraphs 1 through 109 above as if fully stated herein.

112.   Officer Barrasso executed the motor vehicle stop and arrested the Plaintiff without probable cause.

113.   Officer Barrasso participated in and instigated the prosecution of the Plaintiff without probable cause.

114.   Officer Barrasso, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

115.   As a direct and proximate result of Officer Barrasso' violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Barrasso jointly and severally with all other defendants herein, to include:

a.   Compensatory damages;
b.   Punitive damages;
c.   Costs of this action;
d.   Reasonable attorney's fees; and
e.   Such other and further relief as this Court may deem appropriate.

## COUNT FOURTEEN
### State Civil Rights v. Sean Coppinger

116.   The Plaintiff repeats and realleges paragraphs 1 through 114 above as if fully stated herein.

117.   Officer Coppinger used excessive force in his dealings with the Plaintiff.

118.   Officer Coppinger arrested the Plaintiff without probable cause.

119.   Officer Coppinger participated in and instigated the prosecution of the Plaintiff without probable cause.

120. Officer Coppinger, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

121. As a direct and proximate result of Officer Coppinger's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger jointly and severally with all other defendants herein, to include:

      a.  Compensatory damages;
      b.  Punitive damages;
      c.  Costs of this action;
      d.  Reasonable attorney's fees; and
      e.  Such other and further relief as this Court may deem appropriate.

## COUNT FIFTEEN
### State Civil Rights v. Kevin Gena

122. The Plaintiff repeats and realleges paragraphs 1 through 120 above as if fully stated herein.

123. Officer Gena used excessive force in his dealings with the Plaintiff.

124. Officer Gena arrested the Plaintiff without probable cause.

125. Officer Gena participated in and instigated the prosecution of the Plaintiff without probable cause.

126. Officer Gena, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

127. As a direct and proximate result of Officer Gena's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Gena jointly and severally with all other defendants herein, to include:

      a.  Compensatory damages;

    b.  Punitive damages;
    c.  Costs of this action;
    d.  Reasonable attorney's fees; and
    e.  Such other and further relief as this Court may deem appropriate.

## COUNT SIXTEEN
### State Civil Rights v. Michael Stoicco

128.  The Plaintiff repeats and realleges paragraphs 1 through 126 above as if fully stated herein.

129.  Officer Stoicco used excessive force in his dealings with the Plaintiff.

130.  Officer Stoicco arrested the Plaintiff without probable cause.

131.  Officer Stoicco participated in and instigated the prosecution of the Plaintiff without probable cause.

132.  Officer Stoicco, acting under color of law, interfered by threats, intimidation and coercion with the exercise and enjoyment by the Plaintiff of his rights secured by the constitution and laws of the Commonwealth of Massachusetts.

133.  As a direct and proximate result of Officer Stoicco's violation of the Plaintiff's constitutionally protected civil rights, the Plaintiff was caused to suffer harms and losses.

    WHEREFORE, the Plaintiff demands judgment against Officer Stoicco jointly and severally with all other defendants herein, to include:

    a.  Compensatory damages;
    b.  Punitive damages;
    c.  Costs of this action;
    d.  Reasonable attorney's fees; and
    e.  Such other and further relief as this Court may deem appropriate.

## COUNT SEVENTEEN
### Malicious Prosecution v. Michael Chalmers

134.  The Plaintiff repeats and realleges paragraphs 1 to 132 above as if fully stated herein.

135.  A criminal prosecution for assault and battery on police officer, resisting arrest, interfering with police officer, failing to stop/yield, marked lanes violation, and the failure to stop for the police was brought against the Plaintiff.

136.   The criminal prosecution was instituted and/or instigated by Officer Chalmers.

137.   The criminal prosecution was instituted and/or instigated by Officer Chalmers, without probable cause.

138.   The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

139.   The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

140.   As a direct and proximate result of Officer Chalmers's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Chalmers, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT EIGHTEEN
### Malicious Prosecution v. Edward Barrasso

141.   The Plaintiff repeats and realleges paragraphs 1 to 139 above as if fully stated herein.

142.   A criminal prosecution for assault and battery on police officer, resisting arrest, interfering with police officer, failing to stop/yield, marked lanes violation, and the failure to stop for the police was brought against the Plaintiff.

143.   The criminal prosecution was instituted and/or instigated by Officer Barrasso.

144.   The criminal prosecution was instituted and/or instigated by Officer Barrasso, without probable cause.

145.   The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

146.   The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

147.   As a direct and proximate result of Officer Barrasso's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Barrasso, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

### COUNT NINETEEN
### Malicious Prosecution v. Sean Coppinger

148.  The Plaintiff repeats and realleges paragraphs 1 to 146 above as if fully stated herein.

149.  A criminal prosecution for assault and battery on police officer, resisting arrest, interfering with police officer, failing to stop/yield, marked lanes violation, and the failure to stop for the police was brought against the Plaintiff.

150.  The criminal prosecution was instituted and/or instigated by Officer Coppinger.

151.  The criminal prosecution was instituted and/or instigated by Officer Coppinger, without probable cause.

152.  The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

153.  The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

154.  As a direct and proximate result of Officer Coppinger's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

### COUNT TWENTY
### Malicious Prosecution v. Kevin Gena

155.  The Plaintiff repeats and realleges paragraphs 1 to 153 above as if fully stated herein.

156.  A criminal prosecution for assault and battery on police officer, resisting arrest, interfering with police officer, failing to stop/yield, marked lanes violation, and the failure to stop for the police was brought against the Plaintiff.

157.  The criminal prosecution was instituted and/or instigated by Officer Gena.

158.  The criminal prosecution was instituted and/or instigated by Officer Gena without probable cause.

159.  The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

160.  The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

161.  As a direct and proximate result of Officer Gena's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Gena, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.


COUNT TWENTY-ONE
Malicious Prosecution v. Michael Stoicco

162.  The Plaintiff repeats and realleges paragraphs 1 to 160 above as if fully stated herein.

163.  A criminal prosecution for assault and battery on police officer, resisting arrest, interfering with police officer, failing to stop/yield, marked lanes violation, and the failure to stop for the police was brought against the Plaintiff.

164.  The criminal prosecution was instituted and/or instigated by Officer Stoicco.

165.  The criminal prosecution was instituted and/or instigated by Officer Stoicco, without probable cause.

166.  The institution and instigation of the criminal prosecution against the Plaintiff was malicious.

167.  The criminal prosecution has been legally and finally terminated in the Plaintiff's favor.

168.  As a direct and proximate result of Officer Stoicco's actions that led to the malicious prosecution of the Plaintiff, he suffered physical and psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Stoicco, jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TWENTY-TWO
### False Arrest and Imprisonment v. Michael Stoicco

169.   The Plaintiff repeats and realleges paragraphs 1 through 167 above as if fully stated herein.

170.   Officer Stoicco unlawfully arrested and restrained the Plaintiff's freedom of movement by the imposition of force.

171.   As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Officer Stoicco the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Stoicco jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TWENTY-THREE
### False Arrest and Imprisonment v. Sean Coppinger

172.   The Plaintiff repeats and realleges paragraphs 1 through 170 above as if fully stated herein.

173.   Officer Coppinger unlawfully arrested and restrained the Plaintiff's freedom of movement by the imposition of force.

174.   As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Officer Coppinger the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TWENTY-FOUR
### False Arrest and Imprisonment v. Michael Chalmers

175.   The Plaintiff repeats and realleges paragraphs 1 through 173 above as if fully stated herein.

176.   Officer Chalmers unlawfully arrested and restrained the Plaintiff's freedom of movement by the imposition of force.

177.   As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Officer Chalmers the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Chalmers jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TWENTY-FIVE
### False Arrest and Imprisonment v. Kevin Gena

178.   The Plaintiff repeats and realleges paragraphs 1 through 176 above as if fully stated herein.

179.   Officer Gena unlawfully arrested and restrained the Plaintiff's freedom of movement by the imposition of force.

180.   As direct and proximate result of the unlawful arrest and restraint of the Plaintiff by Officer Gena the Plaintiff was incarcerated, held against his will, caused to suffer severe emotional distress, humiliation and upset, and was forced to attend numerous court hearings resulting in psychological injuries and other harms and losses.

WHEREFORE, the Plaintiff demands judgment against Officer Gena jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

## COUNT TWENTY-SIX
### Assault and Battery v. Kevin Gena

181.   The Plaintiff repeats and realleges paragraphs 1 through 179 above as if fully stated herein.

182.   Officer Gena assaulted and battered the Plaintiff.

183.   As a direct and proximate result of Officer Gena's assault and battery of the Plaintiff he was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Gena jointly and severally with all other defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT TWENTY-SEVEN
Assault and Battery v. Michael Stoicco

184. The Plaintiff repeats and realleges paragraphs 1 through 182 above as if fully stated herein.

185. Officer Stoicco assaulted and battered the Plaintiff.

186. As a direct and proximate result of Officer Stoicco's assault and battery of the Plaintiff he was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Stoicco jointly and severally with all other defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT TWENTY-EIGHT
Assault and Battery v. Sean Coppinger

187. The Plaintiff repeats and realleges paragraphs 1 through 185 above as if fully stated herein.

188. Officer Coppinger assaulted and battered the Plaintiff.

189. As a direct and proximate result of Officer Coppinger's assault and battery of the Plaintiff he was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger jointly and severally with all other defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT TWENTY-NINE
Abuse of Process v. Michael Chalmers

190. The Plaintiff repeats and realleges paragraphs 1 through 188 above as if fully stated herein.

191. Officer Chalmers used lawful process against the Plaintiff.

192. Officer Chalmers utilized lawful process to accomplish an unlawful purpose, to wit, filing of false reports, intimidating, coercing, threatening, and discouraging the Plaintiff from bringing complaints against him for assault and battery, civil rights violations, and others.

193. The actions of Officer Chalmers with regard to the use of lawful process were conducted with malice.

194. As a direct and proximate result of the Officer Chalmers's abuse of lawful process, the Plaintiff was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Chalmers jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT THIRTY
Abuse of Process v. Sean Coppinger

195. The Plaintiff repeats and realleges paragraphs 1 through 193 above as if fully stated herein.

196. Officer Coppinger used lawful process against the Plaintiff.

197. Officer Coppinger utilized lawful process to accomplish an unlawful purpose, to wit, filing of false reports, intimidating, coercing, threatening, and discouraging the Plaintiff from bringing complaints against him for assault and battery, civil rights violations, and others.

198. The actions of Officer Coppinger with regard to the use of lawful process were conducted with malice.

199. As a direct and proximate result of the Officer Coppinger's abuse of lawful process, the Plaintiff was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Coppinger jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT THIRTY-ONE
Abuse of Process v. Kevin Gena

200. The Plaintiff repeats and realleges paragraphs 1 through 198 above as if fully stated herein.

201. Officer Gena used lawful process against the Plaintiff.

202. Officer Gena utilized lawful process to accomplish an unlawful purpose, to wit, filing of false reports, intimidating, coercing, threatening, and discouraging the Plaintiff from bringing complaints against him for assault and battery, civil rights violations, and others.

203.   The actions of Officer Gena with regard to the use of lawful process were conducted with malice.

204.   As a direct and proximate result of the Officer Gena's abuse of lawful process, the Plaintiff was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Gena jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

COUNT THIRTY-TWO<br>Abuse of Process v. Michael Stoicco

205.    The Plaintiff repeats and realleges paragraphs 1 through 203 above as if fully stated herein.

206.   Officer Stoicco used lawful process against the Plaintiff.

207.   Officer Stoicco utilized lawful process to accomplish an unlawful purpose, to wit, filing of false reports, intimidating, coercing, threatening, and discouraging the Plaintiff from bringing complaints against him for assault and battery, civil rights violations, and others.

208.   The actions of Officer Stoicco with regard to the use of lawful process were conducted with malice.

209.   As a direct and proximate result of the Officer Stoicco's abuse of lawful process, the Plaintiff was caused to suffer physical and emotional harm.

WHEREFORE, the Plaintiff demands judgment against Officer Stoicco jointly and severally with all other Defendants herein, in an amount to be determined by a jury plus costs and interest as allowed by law.

THE PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL COUNTS SO TRIABLE.

Respectfully Submitted,
The Plaintiff, by his Attorney,


*/s/ Michael J. Heineman*
Michael J. Heineman, Esq.
BBO# 556841
Heinlein Beeler Mingace & Heineman, PC
276 Union Avenue
Framingham, MA 01702
Tel. (508) 626-8500
Fax: (508) 655-2700
MHeineman@HBMHlaw.com

Date: 10/21/2022